UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR JEROME WILSON (#540407)     CIVIL ACTION

VERSUS

STEPHANIE ROGERS, ET AL.     14-514-SDD-RLB

## ORDER

In other litigation filed by the Plaintiff before this Court, *Arthur Jerome Wilson v. James M. LeBlanc, et al.*, Civil Action No. 14-0289-SDD-RLB, the Court was placed on notice, by return of mail sent to the Plaintiff at his record address in that case, that he had been "released" from confinement and was no longer incarcerated at the facility identified in his *Complaint* as being the place where he could be contacted and served with pleadings or other documents. As a result, the Court concluded that in *this* case, in all likelihood, the Plaintiff was no longer confined at the address identified in his *Complaint* as being the place of his incarceration. Accordingly, on February 25, 2015, the Court entered an *Order*[1] in this proceeding directing the Plaintiff, within twenty-one (21) days, to advise the Court, in writing, whether he wished to continue to proceed with this litigation. Recognizing that it was unlikely that the Plaintiff would receive a copy of the Court's *Order*, the *Order* specifically provided that "a failure to respond to this *Order* within the time allowed shall be interpreted by the Court as signification that he does not wish to proceed with this matter and/or as an indication that he is no longer confined at the place given as his record address and that he has failed to comply with the Court's rules by providing

---

[1] Rec. Doc. 6.

timely notice of his new address."[2] A review of the record now reflects that the Plaintiff has failed to respond to the Court's *Order*. He has failed, therefore, to comply with an *Order* of this Court without providing any justification or explanation for his failure to do so. Moreover, it appears that the Court's *Order* of February 25, 2015, a copy of which was forwarded to the Plaintiff at his record address, has been returned to the Court as undeliverable, with a notation on the returned envelope indicating that the Plaintiff is "NOT HERE."[3] It appears, therefore, that the Plaintiff has lost interest in the prosecution of this matter since his transfer or release from the institution that he provided as his record address.

Pursuant to Uniform Local Rule 41(b)(4), the failure of a *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In addition, the imposition of a sanction under Rule 16 of the Federal Rules of Civil Procedure is called for under these circumstances because the Plaintiff has failed to comply with an *Order* of the Court, and this failure critically impedes the Court's ability to proceed in this case. As a practical matter, the case cannot proceed if the Plaintiff cannot be located or contacted. Further, the imposition of a sanction less severe than dismissal is not feasible and would likely be futile. Were the Court to impose a less severe sanction, there would be no means by which to give the Plaintiff notice of that sanction. A sanction which is unknown to the sanctioned party and, for that reason, cannot be enforced is no

---

[2] *Id.*

[3] *See* R. Doc. 7.

sanction at all. Therefore, the imposition of a sanction short of dismissal, without prejudice, would be ineffective under the circumstances of this case. The Defendants are also entitled to a final resolution of the claims brought against them. The Plaintiff's failure to appear or respond to the Court's *Order* deprives the Defendants of an opportunity to clear themselves of the allegations made against them. The best interests of justice do not require that the Defendants remain under allegations of misconduct until the Plaintiff decides to proceed as required in his case. Accordingly, the above-captioned proceeding shall be dismissed as a result of the Plaintiff's failure to prosecute his claims and failure to comply with an *Order* of this Court. Therefore,

**IT IS HEREBY ORDERED** that the Plaintiff's *Complaint*[4] be dismissed, without prejudice, as a result of the Plaintiff's failure to prosecute his claims and failure to comply with an *Order* of this Court. *Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 27 day of April, 2015.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] Rec. Doc. 1.